UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| GREGORY ALLEN RHEA, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 6: 16-201-DCR |
| ) | |
| V. ) | |
| ) | |
| S. BUTLER, Warden, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Respondent. ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Inmate Gregory Rhea has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 to challenge the imposition of disciplinary sanctions against him. [Record No. 1] For the reasons outlined below, the petition will be denied.

On the evening of August 29, 2015, Rhea poked prison chaplain T. Jahr in the stomach and told him "suck it in chaplain." The next day, Jahr told Rhea that he was going to issue an incident report against him for that action. Rhea responded by saying, "Like this?" and then jabbing chaplain Jahr in the stomach again. Jahr escorted Rhea to the lieutenant's office, where he was charged with a Code 299 offense, Conduct which Disrupts the Secure and Orderly Running of the Institution (High), *Most Like* Assault on Any Person (Less Serious)). [Record No. 1-1 at 2]

A disciplinary hearing was held on September 11, 2015. Rhea admitted his actions, but indicated that he believed that, based on his past comradery with the chaplain, his conduct would be acceptable. The disciplinary hearing officer ("DHO") concluded that

Rhea's conduct constituted an unwanted touching, and found him guilty of Interfering with a Staff Member in the Performance of Duties (High) - *Most Like* Code 224, Assault on Any Person (Less Serious)). The DHO imposed various sanctions, which included the loss of 27 days of good conduct time. [Record No. 1-1 at 3-6]

Rhea appealed the imposition of sanctions, but without success. *Id*. at 7-14. In his petition, he reiterates the same arguments he made during his administrative appeals: that his actions did not interfere with the chaplain's performance of his duties, and that he "patted" the chaplain's stomach, he did not "poke" him. [R. 1 at 5]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Rhea's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court accepts the petitioner's factual allegations as true and construes all legal claims in his favor at this stage of the proceedings. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

When a prison disciplinary board takes action that results in the loss of good time credits in which the prisoner has a vested liberty interest, the Due Process Clause requires prison officials to observe certain protections for the prisoner. Specifically, the prisoner is entitled to advanced notice of the charges, the opportunity to present evidence in his or her defense, whether through live testimony or documents, and a written decision explaining

the grounds used to determine guilt or innocence of the offense. *Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974). Further, the board's findings used as a basis to revoke good time credits must be supported by some evidence in the record. *Superintendent v. Hill*, 472 U.S. 445, 454 (1985); *Selby v. Caruso*, 734 F. 3d 554, 559 (6th Cir. 2013).

Rhea does not contend that he was not afforded the procedural protections described in *Wolff*. Rather, his arguments assert that his conviction was not supported by "some evidence." First, he argues that he did not interfere with the chaplain's ability to do his job because other religious services staff were present to supervise other inmates. The DHO found otherwise, concluding that Rhea's acts of twice touching the chaplain in the abdomen – whether a mere "pat" or a "poke" – took him away from his own duties to supervise other inmates and prepare for services. When determining whether a decision is supported by "some evidence," the Court does not conduct an independent review of the evidence or assess the credibility of witnesses. It asks only "whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56; *Higgs v. Bland*, 888 F. 2d 443, 448-49 (6th Cir. 1989). Here, the chaplain took time away from those responsibilities on August 30, 2015 to speak with Rhea about the first touching the night before. Then, when Rhea poked or patted his stomach a second time in response, the chaplain had to escort Rhea to the lieutenant's offense and file the incident report. There is ample evidence to support the DHO's conclusion that Rhea's conduct interfered with the chaplain's ability to do his job.

Next, Rhea complains that the incident report incorrectly describes the touching as a "jab" rather than a mere "pat," which he characterizes as inflammatory. [Record No. 1

at 5] However, the description contained in the report is simply not relevant to whether Rhea's disciplinary conviction violated his constitutional rights. In addition, Rhea was not convicted of Assault on Any Person (Less Serious), a Code 224 offense. Rather, he was convicted of Interfering with a Staff Member in the Performance of Duties (High) - *Most Like* Code 224, Assault on Any Person (Less Serious), a Code 298 offense. The focus is therefore not upon the intent, severity, or effect of the touching, but whether that touching and the events attendant to it interfered with the chaplain's ability to do his job.[1] Rhea touched the chaplain's abdomen not once but twice, and the DHO possessed sufficient evidence to conclude that doing so interfered with the chaplain's work duties. The disciplinary conviction was therefore supported by some evidence. *Hill*, 472 U.S. at 455-56. Accordingly, it is hereby

**ORDERED** as follows:

1. Petitioner Rhea's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Record No. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. Judgment shall be entered this date.

---

[1] Even if the nature of the physical contact were relevant, a mere "pat" on the abdomen can constitute assault. "The tort of assault consists of an act intended to cause either harmful or offensive contact with another person or apprehension of such contact, and that creates in that other person's mind a reasonable apprehension of an imminent battery." *Koffman v. Garnett*, 574 S.E.2d 258, 261 (2003) (citing Restatement (Second) of Torts § 21 (1965)). Here, even taking at face value Rhea's statement that he believed August 29, 2015, that it was appropriate to touch the chaplain's abdomen, it was plain that such touching was offensive once the chaplain told him the next day that he was going to issue an incident report for doing so the night before. Yet Rhea performed the same action a second time, this time clearly possessed of knowledge that it was offensive and impermissible. The August 30, 2015, touching therefore constituted assault.

This 14th day of June, 2017.



Signed By:
*Danny C. Reeves* DCR
United States District Judge